J-A02030-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| KJETIL SPONE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RAFFAELLA SPONE | |
| Appellee | No. 1143 EDA 2013 |

Appeal from the Order Entered March 20, 2013
In the Court of Common Pleas of Montgomery County
Domestic Relations at No(s): 2007-31635 Pacses No. 792109797

BEFORE:  FORD ELLIOTT, P.J.E., OTT, and STRASSBURGER,[*] JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J:

**FILED OCTOBER 01, 2014**

I agree with the learned Majority's conclusions with respect to all of Father's issues except for one.  Specifically, I dissent as to issue J, which involves the trial court's handling of Mother's 2012 personal injury settlement.  The Majority concludes the trial court did not abuse its discretion when, rather than including the full amount as income, it increased "the number of her weekly work hours from 37.5 to 40." Trial Court Opinion, 6/12/2013, at 21.  The trial court did not offer any calculation to show that this increase amounted to an additional $7,000, the value of the settlement.

---

[*] Retired Senior Judge specially assigned to the Superior Court.

The definition for income is set forth in 23 Pa.C.S. § 4302, and specifically states that "insurance compensation or settlements" and "awards and verdicts" are to be included. **See also Darby v. Darby**, 686 A.2d 1436 (Pa. Super. 1996) (holding that a lump sum payment received for a tort claim was appropriately included in calculating father's income). Accordingly, I would hold that the trial court abused its discretion by failing to account fully for the settlement, and remand to the trial court to recalculate Mother's gross income for 2012, and modify the child support order accordingly.